**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES A. NELSON,

    Plaintiff,

vs.

Case No. 3:19-cv-454-J-34JBT

COMMONWEALTH OF KENTUCKY,
KENTUCKY BAR ASSOCIATOIN,
SEN. MITCH MCCONNELL,
U.S. AMERICAN BAR ASSOCIATION,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff John A. Nelson's pro se Complaint (Doc. 1, Complaint), filed on April 22, 2019. In Nelson's Complaint, he requests that the Court issue an injunction to stop a proceeding in Kentucky state court, apparently related to the partition of land owned jointly by Nelson and other family members. See Complaint at 2, 6, 7-8, 9; see also Doc. 1-2 at 22-26 (Petition to Partition Property, Hancock Circuit Court, Kentucky). Upon independent review of the Complaint, the Court determines it lacks subject matter jurisdiction over this matter. As such, Nelson's Complaint is due to be dismissed.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal

1

court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

To the extent Nelson is asking this Court to review, overturn, or interfere with the Kentucky court proceeding, this Court lacks subject matter jurisdiction over the claim under Rooker-Feldman.[1] "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482); see also Arthur v. JP Morgan Chase Bank, NA, 569 Fed. Appx. 669, 677 (11th Cir. 2014) ("Insofar as the [Plaintiff] seeks to have [his foreclosure] judgment declared null and void by the district court sitting in diversity, such claim is barred by the Rooker-Feldman doctrine.");[2] Bedasee v. Fremont Inv. & Loan Co., 741 Fed. Appx. 642, 644 (11th Cir. 2018) ("Plaintiffs lost in state court and they now seek a do-over in federal court with the goal of having the district court 'review and reject[]' the state foreclosure judgment: an action that is exactly what the Rooker-Feldman doctrine prohibits.").

Alternatively, if Nelson's claim is construed as requesting that this Court interfere with ongoing state court partition proceedings, the Younger[3] abstention doctrine applies. The Younger doctrine requires federal courts to abstain from exercising jurisdiction when doing so would cause "undue interference with state proceedings." New Orleans Pub. Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989). The Younger abstention

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).
[2] In citing to Arthur, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").
[3] See Younger v. Harris, 401 U.S. 37 (1971).

2

doctrine is applicable to both criminal proceedings and to non-criminal proceedings when important state interests are involved. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). A court may abstain from granting injunctive relief under Younger where: (1) the state proceeding is ongoing; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity to raise a constitutional challenge in the state court proceedings. Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (citing Middlesex County Ethics Comm., 457 U.S. at 432); see also Dixon v. Haworth, No. 8:09-cv-1017-T-30EAJ, 2009 WL 4730546, at *1 (M.D. Fla. Dec. 4, 2009). If indeed the state court proceeding is still ongoing, Younger abstention would appear to be warranted in this case. See e.g., Williams v. County of Riverside, No. 94-55363, 1995 WL 551930, at *3 (9th Cir. Sept. 15, 1995) (Younger abstention appropriate in context of state partition action); Schroll v. Plunkett, 760 F. Supp. 1378, 1383-84 (D. Or. 1990) (court abstained pursuant to Younger in state trust partition action).

Accordingly, it appears that under either the Rooker-Feldman doctrine or the Younger abstention doctrine, the Court does not have subject matter jurisdiction to consider Nelson's Complaint. Therefore, the Court finds that Nelson's Complaint is due to be dismissed. If Nelson wishes to challenge the Kentucky partition action, he must pursue his rights in state court, whether by seeking a stay or reconsideration there, or by appealing the decision to the state appellate court.

In light of the foregoing, it is

**ORDERED**:

Plaintiff James A. Nelson's Complaint (Doc. 1) is **DISMISSED** without prejudice.

**DONE AND ORDERED** at Jacksonville, Florida on April 26, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties

4